IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLYN J. S.,[1]            )
                             )
       Plaintiff,        )
                             )
                             )   CIVIL ACTION
v.                           )
                             )   No. 18-4049-JWL
ANDREW M. SAUL,[2]           )
Commissioner of Social Security, )
                             )
       Defendant.        )
_____)

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A). Finding error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the decision

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

and REMANDING the case to the Commissioner for further proceedings consistent with this decision.

I. Background

Plaintiff argues that the ALJ erred in finding that Plaintiff can do her past relevant work as a mail clerk, Dictionary of Occupational Title's (DOT) occupational definition # 209.687-026, because that definition does not describe the past work she performed taking mail off the line, sorting it by zip code, bundling it and putting it in boxes, and sending them to the next department for shipping. (Pl. Br. 10-14). She argues that even if the work she did meets the DOT definition of work as a mail clerk, she cannot perform that work because it requires constant standing beyond the six hours in a workday required by light work as assessed by the ALJ, and because the ALJ did not resolve the conflict between the standing requirements of light work and the mail clerk job as she performed it or the conflict between the assessed limitation to "simple, routine, and repetitive tasks and the DOT's recognition that the mail clerk job requires a reasoning level of three. Id. at 15-16. She argues the ALJ erred in assessing residual functional capacity (RFC), including errors in weighing the medical source opinions. Id. at 17-29. Finally, Plaintiff argues that the Commissioner's decision should be reversed, and the case remanded for an immediate award of benefits and determination of an onset date which is no later than Plaintiff's attainment of age 55 on August 24, 2015. Id. at 29-32.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136,

1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Because binding precedent requires remand for the ALJ to resolve the conflict between the ALJ's assessment of a limitation to simple, routine, and repetitive tasks and

4

the mail clerk occupation's requirement of a reasoning level of three, the court goes directly to that issue and does not follow its usual practice of addressing the issues in order of the sequential evaluation process. However, because the court finds the evidence equivocal and that there are factual issues regarding whether the mail clerk job qualifies as past relevant work which should be addressed in the first instance by the Commissioner, remand for an immediate award of benefits is inappropriate.

**II.     Discussion**

The ALJ found Plaintiff's mental impairments include depression/bipolar disorder, posttraumatic stress disorder, and anxiety. (R. 12). She found Plaintiff's impairments limit her to simple, routine, and repetitive tasks. Id. at 14. She recognized the vocational expert's testimony that Plaintiff's past work included work as a "mail clerk, DOT # 209.687-026, [which] is light in exertion and unskilled (SVP 2)." Id. at 19 (bold omitted). She stated the vocational expert testified that a hypothetical person with Plaintiff's functional limitations "was capable of performing the claimant's past relevant work as a mailroom clerk as generally performed." Id. Consequently, she found Plaintiff can do her "past work as a mailroom clerk [which] does not require the performance of work-related activities precluded by the claimant's residual functional capacity" and is therefore not disabled. Id.

As Plaintiff argues, "the job of mail clerk as described in the DOT requires a reasoning development level of three." (Pl. Br. 16) (citing DOT Appendix C, available online at https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM) (last visited, June 17, 2019). Reasoning level three requires one to "Apply commonsense

5

understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." Id. Plaintiff argues that reasoning level three is inconsistent with a limitation to simple, routine, and repetitive tasks. (Pl. Br. 16) (citing Hackett, 395 F.3d at 1176; Paulek v. Colvin, 662 F. App'x. 588, 594 (10th Cir. Oct. 3, 2016); and Pritchett v. Astrue, No. 06-5130, 220 F. App'x. 790, 793 (10th Cir. March 23, 2007). In Hackett the court reversed for "the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified." Hackett, 395 F.3d at 1176. Similarly, in Pritchett the court remanded for the ALJ to address the apparent conflict between level-three reasoning and a restriction to "simple, repetitive and routine work." 220 F. App'x at 793. Finally, in Paulek, the court found the ALJ's failure to reconcile the apparent conflict between level three reasoning and a limitation to understanding, remembering, and carrying out simple instructions required remand. 662 F. App'x. at 594.

The Commissioner argues that the ALJ did all she was required to do in this case. She asked the vocational expert if a conflict exists and was told that there was none. (Comm'r Br. 21-22). Moreover, he argues that reasoning level is a component of General Educational Development (GED) and "[i]t seems untenable that Plaintiff had the education to perform the mailroom clerk position while she was performing it, but has somehow lost that education." (Comm'r Br. 22). He argues "the Tenth Circuit has issued conflicting decisions concerning the significance of GED reasoning levels." Id. at 23 (citing Hackett, 395 F.3d at 1176; Anderson v. Colvin, 514 F. App'x 756, 764 (10th

6

Cir. 2013); and Mounts v. Astrue, 479 F. App'x 860, 866 (10th Cir. 2012)). Finally, he argues that the "decisions actually addressing the DOT definition of GED reasoning levels—i.e., those decisions that have relied on the guidance in Anderson and Mounts—are the better-reasoned line of authority." Id. (citing numerous district court decisions within the Tenth Circuit). The Commissioner then argues and quotes extensively from the well-reasoned decision in Rom v. Colvin, No. 15-CV-402-FHM, 2016 WL 3528059 at *3 (N.D. Okla. June 23, 2016) for the proposition that the DOT has several ways to address job complexity, the VE not the court has the expertise to interpret the information in the DOT, and that a VE could rely on SVP and the DOT occupational code more than the GED reasoning level in evaluating the complexity of a particular job. Id. at 23-24. He quotes the Rom court's finding "that the jobs identified by the vocational expert with reasoning level two and three are not clearly beyond Plaintiff's RFC so as to require remand for further consideration," and argues this court should "find that the ALJ reasonably relied on the uncontradicted testimony of the vocational expert that someone with Plaintiff's age, education, and RFC could perform her past relevant work as a mailroom clerk." Id. at 24.

Plaintiff points out that Anderson and Mounts are unpublished and argues that they are not inconsistent with Hackett. (Reply 5). She argues that the Anderson court assumed a conflict between the VE testimony and the DOT reasoning level but found any error in failing to resolve the conflict was harmless because the VE identified two other jobs with a reasoning level of one which could be done by the claimant. (Reply 5) (citing Anderson, 514 F. App'x at 763-64). She argues that in the Mounts case the ALJ assessed

7

an RFC finding the claimant capable of performing tasks which were not complex (GED 1-3) and although the claimant argued there was no evidence she could perform reasoning level three work, the court disagreed. Id. (citing Mounts, 479 F. App'x at 868).

Plaintiff is correct that in Anderson, the court assumed a conflict between the VE testimony and the DOT reasoning level but found any error in failing to resolve the conflict was harmless because the VE identified two other jobs with a reasoning level of one which could be done by the claimant. Anderson, 514 F. App'x at 764. Moreover, she properly understands Mounts also. 479 F. App'x at 868. Thus, there is no split of authority in the Tenth Circuit decisions. Moreover, if the Anderson and Mounts cases represented a split in authority, both of those cases are unpublished decisions and may not be relied upon to ignore the holding of a published decision of the Tenth Circuit.

The Commissioner's appeal to Rom is also unavailing. Primarily because Hackett is binding precedent and may not be ignored in reaching this decision. Moreover, although the facts in Rom are similar to this case because the ALJ there assessed an RFC "limitation to understand, remember, and carry out simple instructions;" the plaintiff there argued the jobs require reasoning beyond his RFC; and the representative jobs of which the ALJ there found the plaintiff capable included reasoning level two and three, 2016 WL 3528059 at *3; there is no indication in Rom that the ALJ was aware of, or that the plaintiff cited to Hackett, Paulek, or Pritchett, (or anything other than the DOT for that matter) in support of his argument. Although this court agrees with the reasoning presented in Rom, that will not justify ignoring the precedent of Hackett. Hackett held that a limitation to simple, repetitive tasks appears to be inconsistent with a job requiring

8

level three reasoning; and if the ALJ did not explain that inconsistency, remand is necessary. Therefore, the court must remand this case.

## III. Remand for An Immediate Award of Benefits

Whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006) (quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)).

The decision to direct an award should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986). Nevertheless, the Commissioner is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion. Sisco, 10 F.3d at 746.

Plaintiff filed her applications for benefits on December 2, 2014, about four and one-half years ago, and while that is clearly a long time to await a decision on benefits, it is not beyond the usual in a case at this stage of proceedings. There is no evidence of deliberate delay here. Moreover, remand for further proceedings will serve the purpose

9

of affording the Commissioner the opportunity to consider the apparent conflict between the DOT requirement of reasoning level three and the ALJ's assessment of a limitation to simple, routine, repetitive tasks.  Further, while Plaintiff asserts error in assessing RFC, the court notes that the record evidence is equivocal in that regard and Plaintiff might argue her case more fully to the ALJ.  The court notes the evidence is also equivocal regarding Ms. Mata's opinion.  Moreover, although the ALJ did not address Mr. Durkin's opinion, and the record suggests Mr. Durkin treated plaintiff several times, the record does not contain a single treatment note completed by Mr. Durkin.  Clearly, the record in this case is not fully developed and the evidence is not uncontradicted.  Therefore, the case will be remanded for further proceedings.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision and REMANDING the case for further proceedings consistent herewith.

Dated June 19, 2019, at Kansas City, Kansas.

s:/  John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**