**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CAROLYN J. SIGMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 18-4049-JWL |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Attorney's Fees. (Doc. 18). Plaintiff seeks $8,450.00 in fees pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412.[1] The Commissioner argues that a fee award is not proper

---

[1]In relevant part, the EAJA states:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. ...

(2)(A) For the purposes of this subsection--

... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, ... justifies a higher fee.

28 U.S.C. § 2412.

because both the Administrative Law Judge's position below and the Commissioner's position before this court were substantially justified. He also argues that even if the court finds the government's position was not substantially justified, the amount requested as fees is unreasonable because an unreasonable amount of time was expended in reviewing the case record and preparing Plaintiff's Social Security Brief. (Doc. 19). The court finds that the position of the Commissioner both below and before this court was not substantially justified as a matter of law, and that Plaintiff has met her burden to establish the amount of time billed in preparation of her Social Security Brief was reasonable. Therefore, the court GRANTS Plaintiff's motion for attorney fees for 47.25 hours at the rate of $200.00, resulting in a fee award of $9,450.00 as explained herein.

**I.      Background**

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits and supplemental security income. (Doc. 1). The Commissioner answered and filed the transcript of record with the court. (Doc. 10). After briefing was complete, this court determined that the case of <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1176 (10th Cir. 2005) is binding precedent precluding as a matter of law the ALJ's finding that Plaintiff can perform her past work as a mail clerk, which requires level three reasoning, when the ALJ found that she is limited to simple, routine, and repetitive tasks and did not explain how that limitation is consistent with level three reasoning. (Doc. 16). Plaintiff now seeks payment of attorney fees pursuant to the EAJA. (Doc. 18).

Plaintiff's counsel, Mr. Lowell C. Paul, has established that he represented Plaintiff in this matter and he expended forty-two and twenty-five hundredths hours in representing Plaintiff at the rate of $200.00 per hour. (Doc. 18, Attach. 1, p.2).

II.     **Legal Standard**

The court has a duty to evaluate the reasonableness of every fee request. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983). The EAJA requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. <u>Gilbert v. Shalala</u>, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing <u>Estate of Smith v. O'Halloran</u>, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. <u>Id.</u> The Commissioner bears the burden to show substantial justification for his position. <u>Id.</u>; <u>Estate of Smith</u>, 930 F.2d at 1501. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. <u>Harris v. R.R. Ret. Bd.</u> 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that its request is reasonable and must "submit evidence supporting the hours worked." <u>Hensley</u>, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. <u>Bell v. United Princeton Prop., Inc.</u>, 884 F.2d 713, 715 (3d Cir. 1989).

III.    **Discussion**

This case presents in a posture which bears explanation in that the Commissioner filed his response (Doc. 19) to Plaintiff's motion before Plaintiff filed her memorandum in support of her motion, and before that memorandum was due. (D. Kan. R. 54.2). Subsequently, Plaintiff filed her memorandum in support of her motion along with a statement of consultation in accordance with Local Rule 54.2, the Commissioner has not filed any further response, and the motion is ripe for the court's consideration.

This posture results from the Commissioner's apparent confusion regarding the procedure in Local Rule 54.2 for requesting statutory attorney fees. "A request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437. The court enacted D. Kan. Rule 54.2 requiring opposing counsel to consult to reach an agreement regarding fees. The rule is designed "to save the parties time and money in litigating unnecessary issues." Lintz v. American Gen. Fin., Inc., 87 F. Supp. 2d 1161, 1165 (D. Kan. 2000). The rule contemplates that the moving party may file her motion for fees and may then take up to an additional 30 days before either the parties file a stipulation and request for order, or the moving party files a statement of consultation and a "memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award." D. Kan. R. 54.2(b), (c).

Here, the parties did not reach an agreement. However, the Commissioner did not wait for Plaintiff to file her memorandum in accordance with the local rule, but filed his objection, resulting in Plaintiff's memorandum filling the purpose of both support for her motion and a reply to the Commissioner's objection.

## A. The Commissioner's Position Was Not Substantially Justified

As the Commissioner argues, a reasonable position can be substantially justified even if it is ultimately found incorrect. Pierce v. Underwood, 487 U.S. 552, 566 (1988); see also, Lopez v. Berryhill, 690 F. App'x 613, 614 (10th Cir. 2017) (correctness and reasonableness are separate questions).

The Commissioner appears to recognize that the court's decision was directed by Hackett, but argues that the unpublished decisions of Anderson v. Colvin, 514 F. App'x 756, (10th Cir. 2013), and Mounts v. Astrue, 479 F. App'x 860 (10th Cir. 2012) make his position reasonable in light of the Dictionary of Occupational Titles (DOT) definition of reasoning levels and a number of District Court opinions in the Tenth Circuit, most notably Rom v. Colvin, No. 15-CV-402-FHM, 2016 WL 3528059 at *3 (N.D. Okla. June 23, 2016) which this court characterized in its decision as a "well-reasoned decision."

However, the Commissioner ignores this court's findings. It found that Anderson is inapposite to the issue presented in Hackett since the Anderson court found harmless error "because the VE identified two other jobs with a reasoning level of one which could be done by the claimant." (Doc. 16, p. 8). The court found Mounts inapposite because the Mounts court specifically found record evidence that the claimant could perform reasoning level three. Id. Finally, the court found the appeal to Rom unavailing because Hackett is binding precedent and "there is no indication in Rom that the ALJ was aware of, or that the plaintiff cited to Hackett … (or anything other than the DOT for that

5

matter) in support of his argument." Therefore, this court sees no split of authority in the Tenth Circuit regarding reasoning level three work. Id.

As Plaintiff argues, it is unreasonable as a matter of law to argue a proposition contrary to binding legal precedent. When binding precedent is to the contrary, there is no reasonable basis in law to argue otherwise. Perhaps the court would find the Commissioner's position substantially justified had he acknowledged in his Social Security Brief that Hackett was binding precedent contrary to his position, but that he believes Hackett was wrongly decided and he sought to appeal this case in order to seek to have Hackett overturned. But that is not this case. The Commissioner did not make that acknowledgment or argument and the time for appeal is past.

### B. The Fee Requested is Reasonable.

Relying on this court's opinion in Sieber v. Berryhill, No. CV 17-2630-JWL, 2018 WL 3389888 (D. Kan. July 12, 2018), the Commissioner argues that 30 hours is an unreasonable amount of time to prepare a 32-page Social Security Brief for an experienced attorney in a fairly standard record of 632 pages addressing straight-forward issues evaluating medical opinions and allegations of symptoms and addressing reasoning levels. He suggests this is confirmed by the fact that most Social Security cases in Kansas average 20 to 40 hours of attorney time. He suggests an award of $7,000 representing 35 hours is reasonable in a case such as this.

Plaintiff distinguishes this case from Sieber because the counsel before the court in Sieber had not represented that plaintiff before the agency and had charged the time spent

to review the unfamiliar record. Counsel here acknowledges that he did not represent Plaintiff before the agency but argues that he adjusted the time for which he is seeking compensation to exclude time reviewing a record with which he was not familiar. He also distinguishes this case from Sieber because the attorneys in Sieber did not need to file a Reply Brief whereas here he was required to research and prepare an extensive Reply Brief.

The Commissioner makes no argument regarding unreasonableness other than Sieber and the court finds its decision in Sieber controls the outcome in this case. In Sieber, counsel billed 37.25 hours of attorney time to review the 763-page record in that case (Sieber v. Berryhill, Case No. 17-2630-JWL, Doc. 18, Attach. 1 (D. Kan. Feb. 21, 2018)) and prepare a 26-page Social Security Brief. He also acknowledged that he had billed time for new attorneys to become familiar with the record at the district court level. The court determined "it would be improper for a firm to charge its client for the time spent in bringing new attorneys up to speed on a case where the firm chooses to use different counsel in different phases of the litigation," held that a reasonable amount of time to prepare a Social Security Brief in such a case would be 31 hours, and awarded fees for a total of 33 hours spent by the plaintiff's counsel in that case.

Here, the record was somewhat shorter at 632 pages and counsel's Social Security Brief was longer at 32 pages in length. The Commissioner argues that the issues and arguments made were straight-forward but does not argue that the briefing was padded, verbose, or otherwise too long. Here, the time billed for preparing the Social Security

7

Brief was 30 hours, less than the 31 hours allowed by the court in Sieber for a shorter brief, and counsel stated that he had already made "a reduction of over 30% in the amount of time actually expended on this case in an attempt to exercise appropriate billing judgment to account for any time expended that might ultimately have been unnecessary." (Doc. 18., Attach. 1, p.2). While it might have been better for counsel to have shown the record of all time expended before reduction for the hours billed, the Commissioner does not object to the procedure used, and the court does not find it to have been done in bad faith. This case went through a different process than that in Sieber and counsel billed an additional 12.25 hours for preliminary matters and the preparation of a Reply Brief. Id.

In the final paragraph of her Memorandum (Doc. 20) Plaintiff states that an additional 6 hours of attorney time were spent in preparing her Memorandum and requests that be taken into consideration in the court's final order. Plaintiff provided no itemization of the time expended and the purposes, but the court acknowledges that attorney fees may be awarded for defending a fee request. The court finds that 5 hours is a reasonable time expended to defend the fee request in this case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (Doc. 18) be GRANTED and that fees be awarded in the sum of $9,450.00.

Dated October 9, 2019, at Kansas City, Kansas.


                                          <u>s:/ John W. Lungstrum</u>
                                          **John W. Lungstrum**
                                          **United States District Judge**